cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENNIE LEE MATHIS, ) | Civil No. No.09cv0230 MMA (AJB) |
| Petitioner, ) | |
| v. ) | Report and Recommendation |
| ) | Granting Motion to Dismiss |
| DOMINGO URIBE, JR., Warden ) | [Doc. No. 6] |
| Respondent. ) | |

Petitioner, Bennie Lee Mathis, a state Petitioner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his May 21, 1993, sentencing in San Diego Superior Court, Case No. 14943, for second degree murder and voluntary manslaughter, to which the Petitioner entered a plea of no contest. Respondents move to dismiss the Petition as procedurally time-barred pursuant to 28 U.S.C. § 2244(d). Petitioner filed an opposition to Respondent's motion to dismiss. Based upon a review of all the materials and for the reasons set forth herein, it is recommended that Respondents' Motion to Dismiss the Petition as time-barred be GRANTED.

### *Factual and Procedural History*

*1. Sentencing*

The Imperial County District Attorney charged Petitioner with two counts of murder, committed with a knife for the murder of Elvia Pomposa Lewis and "an eight month fetus" referred to as "Baby Lewis." [Lodgment 1, p. 5, 6]. On April 19, 1993, in San Diego Superior Court, Case No. 14943, Petitioner withdrew his plea of not guilty by reason of insanity and entered a plea of no contest to second degree murder and to a lesser crime of voluntary manslaughter. Petitioner, at his change of plea

hearing, was expressly told by the trial judge, "The question of sentencing is not a part of this [plea] bargain." [Lodgment 8, p. 6, 7]. When asked if he understood this, Petition answered that he did. [*Id.*, p.7]. The superior court's minute order reflects that Petitioner was "advised [of] the maximum penalty and possible consequences of this conviction." [Lodgment 1, p. 8].

On May 21, 1993, Petitioner was sentenced by the trial court to an indeterminate term of fifteen years to life for the murder count and a concurrent term of six years for the manslaughter. [Lodgement 9, p.8; Lodgment 1, p.10]. There is no indication that Petitioner objected to the sentence or tried to withdraw from the plea bargain at that time. Additionally, Petitioner never appealed the sentence, though it must be noted that he expressly waived his right to appeal. [Lodgment 1, p. 8]. The abstract of judgment also reflects the sentence for the murder count was "for an indeterminate term (15 years to life) with the possibility of parole." [Lodgment 1, p. 13 (capitalization omitted)].

### *2. Parol Board Hearing*

On November 27, 2006, Petitioner appeared before the Board of Parole Hearings. [Pet., Ex. G]. At that hearing, Petitioner's counsel stated for the record that Petitioner believed certain terms of his plea bargain were not being honored, but never expressly stated which terms. [*Id.*, p. 6]. It is likely, however, that Petitioner was alleging that he had already served the fifteen-year term he believed satisfied the terms of his plea agreement.

### *3. Collateral Review in State Court*

On August 6, 2007, Petitioner filed a petition for writ of habeas corpus in the California Superior Court seeking relief on two grounds. First, Petitioner alleged that his trial counsel failed to properly advise and fully inform him regarding the plea agreement. [Lodgment 2, p. 3]. Second, Petitioner alleged that, under the plea bargain, he agreed to serve a determinate fifteen-year term in exchange for his guilty plea and that his continued imprisonment was a breach of that contract and a violation of his due process rights. [Lodgment 2, p. 4].

On November 1, 2007, the superior court denied the petition as untimely, stating that the Petitioner failed to explain when he became aware of the true nature of his indeterminate life sentence. [Lodgement 3; Pet., Ex. A]. The superior court also found that Petitioner failed to state a prima facie

case, because the Petitioner failed to establish a chain of communication between himself and the prosecutor regarding the sentencing terms of the plea bargain. [*Id.*].

On December 6, 2007, the Petitioner filed his state petition in the California Court of Appeal, Fourth District, Division One. [Lodgement 4]. On March 26, 2008, the court, noting that Petitioner did not file his petition until nearly fifteen years after the imposition of his sentence, denied the petition as untimely. [Lodgement 5; Pet., Ex. B]. The court, which described Petitioner's claims as "largely incomprehensible," also stated that the petition would have failed on the merits, since Petitioner's own supporting documentation indicated that he should have been aware of the indeterminate nature of his sentence on the day that sentence was imposed in 1993. [Lodgement 5; Pet., Ex. B].

Petitioner filed his state petition in the California Supreme Court on April 28, 2008. [Lodgement 6]. On October 1, 2008, the California Supreme Court denied the petition without opinion. [Lodgement 7; Pet., Ex. C]. In such cases the court is assumed to have adopted the position of the last reasoned opinion. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (U.S. 1991). In Petitioner's case, this would have been the opinion of the California Court of Appeal, which denied the petition as untimely.

### *4. Collateral Review in Federal Court*

Petitioner constructively filed the instant Writ of Habeas Corpus in this Court on February 3, 2009.[1] [Pet., p. 11]. Petitioner challenges his sentence on two grounds. [Pet., pp. 6-8]. First, the Petitioner claims his appointed counsel failed to make him aware of the full consequences of his plea bargain by failing to advise him of the parole procedures. The Petitioner's second ground for relief is somewhat more difficult to discern. Petitioner states that at sentencing, his appointed counsel communicated to him a statement from the prosecutor to the effect that, if Petitioner pleaded no contest, he would serve only the base term of a fifteen-years-to-life sentence, i.e. fifteen years. [Pet., pp. 6-8]. The Petitioner contends that he has already served the fifteen years to which he agreed in the plea bargain and seeks relief in the form of withdrawal of his plea bargain and immediate release. [Pet., p. 9].

---

[1] Although the petition was actually filed by the clerk of this Court on February 5, 2009, it is deemed to have been constructively filed on the date Petitioner handed it to a correctional officer: February 3, 2009, as attested by Petitoner's signature. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

## *Discussion*

The instant Petition was filed after April 24, 1996, and therefore is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), which sets forth a one year statute of limitations for state prisoners seeking collateral review in federal court. Pursuant to AEDPA, 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

AEDPA's limitations period is calculated on a claim-by-claim basis. *Fielder v. Varner,* 379 F.3d 113, 122 (3d Cir. 2004). For state prisoners whose convictions became final prior to AEDPA's enactment, the one-year period of limitations would begin to run on April 25, 1996, the day after AEDPA was enacted. *Rosas v. Nielsen*, 428 F.3d 1229, 1233 (9th Cir. 2005) (citing *Patterson v. Stewart*, 251 F.3d 1243, 1245 (9th Cir. 2001)).

The statute of limitations is tolled, however, while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," which includes "the time limits upon its delivery." *Artuz v. Bennett*, 531 U.S. 4, 8 (U.S. 2000) (emphasis in original); *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (U.S. 2005). Accordingly, if California state courts dismiss a habeas petition as untimely, that petition in not "properly filed" under AEDPA and is not entitled to tolling. *Bonner v. Carey*, 425 F.3d 1145, 1148-49 (9th Cir. 2005). State court alternate rulings on the merits do not negate a ruling of untimeliness and therefore will not render a petition "properly filed." *Carey v. Saffold*, 536 U.S. 214, 225-26, 153 L. Ed. 2d 260, 122 S. Ct. 2134 (2002).

The statute of limitations is also subject to equitable tolling, however such tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). Equitable tolling applies only when "extraordinary circumstances" far beyond a Petitioner's control make it impossible to file a timely Petition. *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citing *Calderon v. U.S. Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th. Cir. 1997); *see also United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000). The Petitioner bears the burden of demonstrating both extraordinary circumstances and due diligence in pursuing his rights. *Pace*, 544 U.S. at 418; *see also Gaston v. Palmer*, 417 F.3d 1030, 1034 (9th Cir. 2005).

### *1. Period of Limitations*

The Petitioner's conviction on May 21, 1993 became final 60 days after judgment was rendered on July 20, 1993.[2] Since this was before the enactment of AEDPA on April 24, 1996, the Petitioner is entitled to a one year grace period beginning on April 25, 1996. *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002). Thus, Petitioner's one-year period of limitation ended on April 24, 1997, unless he is entitled to a later start date for the commencement of the period of limitation or sufficient tolling.

AEDPA provides three exceptions establishing a later start date for the period of limitations under certain circumstances. § 2244(d)(1)(B)-(D). None of these exceptions applies to Mathis because: there was no state impediment to his seeking further relief; his claims do not rely on any new constitutional right determined by the United States Supreme Court to be retroactive; and the factual predicate for his current claims was known by the time his conviction was final.[3] The Petitioner has not suggested that his delay in filing stemmed from either a State action in violation of the Constitution or from some constitutional right newly recognized by the Supreme Court and made retroactively available to him. Thus, neither section 2244(d)(1)(B) nor section 2244(d)(1)(C) is applicable to Petitioner. The Petitioner attempts to invoke section 2244(d)(1)(D), claiming that he did not become aware of the factual predicate of his claim until the Board of Parole hearing on November 27, 2006. [Pet., p. 8; Pet., Ex. G]. Although Petitioner suggests that he did not become aware of the factual predicate of his claim

---

[2] Petitioner's judgment became final when the time within which he could have filed an appeal expired. *See* California Rules of Court Rule 8.308 (formerly Rule 30.1).

[3] The operative knowledge is of the important facts, not their legal significance. *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001).

until November 2006, he fails to show that he *could not* have discovered the factual predicate prior to that date by exercising due diligence. On the contrary, Petitioner's own supporting documentation is inconsistent with his claim. The transcript of the sentencing hearing reflects that the trial judge sentenced Petitioner to an "indeterminate term of 15 years to life." [Pet., Ex. G]. Plaintiff also submitted an affidavit in which he stated that trial counsel did not make him aware of the indeterminate nature of his sentence "until Petitioner was sentence [sic] on date (5-21-93)." [Pet., Ex. E (capitalization omitted)]. At this point, Petitioner was aware of the factual predicate of his claims. He had heard words suggesting that, contrary to his expectations, he had received a possible life sentence. Although Petitioner may not have been fully aware of the legal significance of this alleged sentencing discrepancy at the time, due diligence required him to at least make some inquiry after becoming aware of the important facts. *Hasan v. Galaza,* 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (citing *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)) ("Time begins [under section 2244(d)(1)(D)] when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance"). However, Petitioner does not assert that he made any inquiry at all until the Parole Board Hearing more than thirteen years later. [Pet., p. 8].

As such, the Court finds that the Petitioner failed, by his own admission, to exercise due diligence in pursuing his claim. Section 2244(d)(1)(D) is therefore inapplicable and Petitioner is not entitled to a later start date for the period of limitation. Thus, for Petitioner, AEDPA's period of limitations began on April 25, 1996, and ended on April 24, 1997, unless the statute of limitations was tolled under 28 U.S.C. § 2244(d)(2) or Petitioner was entitled to equitable tolling.

### *2. Statutory and Equitable Tolling*

Statutory tolling cannot revive the period of limitations; it only tolls a period that has not yet expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Petitioner did not file his first Petition in superior court until August 6, 2007, more than thirteen years after the period of limitations had expired. Because Petitioner's period of limitations had already expired, it could no longer be tolled. *See Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989) ("[Tolling] is not intended for those who sleep on their rights").

Even if this court were to accept Petitioner's argument that despite exercising due diligence, he could not have discovered the factual predicate of his claims until the Board of Parole Hearings, the instant Petition would nevertheless be untimely. If the parole hearing date of November 27, 2006 were used as the start date, the period of limitations would have expired on November 27, 2007, absent tolling. Thus, even under these circumstances, the Petitioner's February 3, 2009 filing would be untimely absent tolling.

Petitioner has the burden of demonstrating facts to warrant tolling. *Smith v. Duncan*, 297 F.3d 809, 814-15 (9th Cir. 2002). Petitioner has failed to meet this burden. Petitioner's own exhibits reflect that each of the California courts in which Petitioner filed a habeas petition denied each petition as untimely. However, under 28 U.S.C. § 2244(d)(2), the one-year period of limitations is only tolled while a *properly* filed application for collateral review is pending in State court. Documents filed after relevant deadlines have passed are not considered "properly" filed. *See Pace*, 544 U.S. at 413. Because each of the state courts denied the Petitioner's petition as untimely, none of those petitions may be considered to have been "properly" filed. Therefore, none of those petitions tolled the period of limitations while it was pending.[4]

Finally, Petitioner has not demonstrated the extraordinary circumstances and due diligence in pursuing his rights necessary to warrant equitable tolling. *See Pace*, 544 U.S. at 418. Petitioner has not urged this court to consider equitable tolling, nor has he presented evidence of extraordinary circumstances or that he exercised due diligence in pursuing his rights. Thus, equitable tolling is unavailable to Petitioner.

The Petitioner has failed to establish that he is entitled to a later start date or that he is entitled to

---

[4] Even if Petitioner had properly filed his State court Petitions, so as to qualify for statutory tolling, he nevertheless failed to file his federal Petition within the one-year period of limitations. 251 days elapsed between his alleged discovery of the factual predicate of his claim (at the November 27, 2006, Board of Parole Hearings) and his first filing of a Petition in State court (August 6, 2007). Between the issuance of the superior court's decision (November 1, 2007) and Petitioner's filing in the court of appeal (December 6, 2007), a further 34 days elapsed. Between the issuance of the court of appeal's decision (December 6, 2007) and Petitioner's filing in the Supreme Court of California (April 28, 2008), a further 143 days elapsed. Finally, between the issuance of the Supreme Court's decision (October 1, 2008) and Petitioner's filing in federal court (February 3, 2009) a further 124 days elapsed. Thus, 552 days must be counted against AEDPA's one-year period of limitations. Petitioner's filing was therefore, in any event, untimely.

either statutory or equitable tolling. Petitioner's one-year period of limitation began on April 25, 1996, and expired on April 24, 1997, thereby making his Petition for Writ of Habeas Corpus filed on February 3, 2009 timed barred.

### *Conclusion*

For the reasons set forth above, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties on or before *September 23, 2009*. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before *October 7, 2009*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of this Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: September 3, 2009

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court